UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC KING,

        Plaintiff,

                              Case No. 12-15419
v.                            Honorable David M. Lawson

FERROUS PROCESSING AND
TRADING COMPANY,

        Defendant.
_____/

## ORDER OF DISMISSAL

On February 15, 2011, the plaintiff filed a complaint against defendant Ferrous Processing and Trading Company. Two days later, the plaintiff filed a complaint against the International Brotherhood of Teamsters, which was consolidated with the plaintiff's earlier complaint. The plaintiff's complaints raised claims of employment discrimination on the basis of race, color, and age, in violation of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act, and of unfair representation. The case was referred to Magistrate Judge Michael J. Hluchaniuk, and on August 16, 2012, the magistrate judge issued a report and recommendation recommending that the Court grant the defendants' motions to dismiss, considered as motions for summary judgment, and dismiss the plaintiff's complaint with prejudice. When no objections were filed, the Court entered an order adopting the magistrate judge's report and recommendation and dismissing the plaintiff's complaint with prejudice on September 6, 2012. The plaintiff filed a motion seeking to file late objections to the report and recommendation more than two months later, on November 9, 2012. The Court denied the motion for lack of good cause shown.

On December 10, 2012, the plaintiff filed the present complaint against defendant Ferrous Processing, along with applications to proceed *in forma pauperis* and for appointment of counsel. The complaint is brief, reading in its entirety:

> Cause of action — ADA-defined disability, disability discrimination, cause [sic] by gasoline fumes and vapors in the workplace, that lead [sic] to plaintiff, wrongful discharge. Demand, $300,000 or a jury demand. Cause by Ferrous Processing & Trading Co.

Compl. at 1. The civil cover sheet has the following causes of action checked: other personal injury, employment, ADA employment, Fair Labor Standards Act, and other labor litigation. *Id*. at 3. Finally, the cover sheet indicates that the plaintiff is filing for disability discrimination and a hybrid breach of collective bargaining agreement and fair representation claim. *Ibid*. The plaintiff indicates that he was "hurt on the work." *Ibid*.

The plaintiff requested and was granted permission to proceed *in forma pauperis*. When a plaintiff asks the court to waive fees and costs because he cannot afford to pay them, the court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "A complaint lacks an arguable basis in law or fact if it . . . is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28).

Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), such complaints still must plead facts sufficient to show a redressable legal wrong has been committed. Fed. R. Civ. P. 12(b)(6); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755

-2-

(E.D. Mich. 2001). "The leniency granted to *pro se* [litigants] . . . is not boundless." *Martin v. Overton*, 391 F.3d. 710, 714 (6th Cir. 2004). The screening mandated by Congress in section 1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective *pro se* filers if they "fail to state a claim upon which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001). "[A] district court may invoke the doctrine of res judicata in the interests of, inter alia, the promotion of judicial economy." *Halloway Constr. Co. v United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989).

On January 23, 2013, the Court entered an order requiring the plaintiff to show cause why the complaint should not be dismissed as barred by *res judicata*. The plaintiff filed a response to the order to show cause on February 15, 2013. In his response, the plaintiff appears to claim an entitlement to an evidentiary hearing, but does not address the *res judicata* issue.

As discussed above, the plaintiff previously has filed a civil action against the defendant in this case. Under the *res judicata* or claim preclusion doctrine, a claim is barred by prior litigation if the following elements are present: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997). The claim preclusion rule "precludes not only relitigating a claim previously

adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not, in the prior suit." *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). In this case, all four elements are present. The plaintiff's prior employment discrimination case was dismissed by the Court on the merits for failure either to produce direct evidence of discrimination or to present a *prima facie* case of discrimination. The defendant in the present case was also named as a defendant in the plaintiff's prior case. Although the plaintiff's present complaint is short, it appears to raise claims arising from the plaintiff's discharge from employment, which was the subject of the plaintiff's earlier action. *See Butts v. Wilkinson*, 145 F.3d 1330 (6th Cir. 1998) (table) (upholding dismissal of prisoner civil rights complaint pursuant to 28 U.S.C. § 1915A based upon *res judicata* doctrine); *accord McWilliams v. State of Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997) (repetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915(e) as frivolous or malicious). It is true that the plaintiff's previous case against the defendant did not include claims of disability discrimination under the Americans with Disabilities Act, as the present complaint does. However, the Court is convinced that the plaintiff could and should have raised his disability discrimination claim in his prior suit. The plaintiff clearly was aware of the facts giving rise to that claim at the time of the previous suit, as the plaintiff referred to his exposure to gasoline fumes and vapors and his resulting illness in his deposition in his previous case. Because the plaintiff's claim is barred by *res judicata*, the plaintiff's complaint is frivolous and must be dismissed.

Accordingly, it is **ORDERED** that the plaintiff's complaint is **DISMISSED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 27, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 27, 2013.

s/Deborah Tofil
DEBORAH TOFIL

---